States v. Lamar Cunningham. Mr. Carlson. May it please the Court. My name is Kent Carlson and I represent Lamar Cunningham. We're here today because it is our position that Lamar Cunningham's criminal history guideline sentence is not presumptively reasonable. And it is our position that there are two reasons for that. The first being that Judge Bucklow in sentencing Mr. Cunningham did not consider the argument that his criminal history was overstated due to the fact that he was receiving two additional criminal history points for aggravated criminal sexual assault convictions he received in the Circuit Court of Cook County. In the plea agreement we agreed that he was to receive three criminal history points for the conviction. The probation office determined because there were three counts to which he was found guilty, two additional criminal history points got added to that, one for the fact that these were in essence the same offenses charged in three different fashions, charged with the same victim on the same day with the same group of people, all part of the same course of conduct, that receiving the two additional criminal history points for that conviction, although appropriate under the guidelines, significantly overstated Mr. Cunningham's criminal history because it raised him from what would have been a criminal history category 5 to a criminal history category 6. But doesn't the judge take this into account then once she's finally thinking about the sentence, she's got 3553A, she says I have trouble with saying that for these horrible crimes he committed we ought to go so high, she goes below the guidelines. I don't see why that isn't actually responding, maybe not as much as he would have liked, but responding to the argument you're making. Judge, I believe when Judge Bucklow made those comments she was not referring to the that argument, she was referring, we got into an issue of whether he should be characterized as a career offender and whether the offenses that counted as the career offender which were committed when he was under the age of 15 should be counted. But then she goes on, she says leaving aside the career offender thing here, your guideline range is really high for the amount of time you were involved and that's based on criminal history even without this. So it seems to me she's aware of the point you're making. Judge, I think she was aware of the point we were making because we argued it to her, but when we addressed the issue, she, and I believe this is on page, starting on page 20 into page 21 of the sentencing transcript, she, as I was arguing this, she said could he not be a career offender if he didn't have those extra points? And then I said, Judge, well I think that's what would bring him down to a criminal history of 6 to a 5. It's clear from that that she was misunderstanding what we were talking about there. She thought we were talking about whether those things mattered as to whether he qualified as a career offender when these were in addition to that. Because we were saying if he doesn't qualify as a career offender, then he would, if you don't give him these extra points, he would then come down to a criminal history category 5 and she didn't address that issue. And I think she didn't address it because it was a very complicated issue because we had three levels of guideline calculations based upon whether he was a career offender, whether he wasn't a career offender, and then what criminal history category he came in at. But I don't think she addressed that issue because when it, as your Honor pointed out, when it came time to sentencing, she then still talked about the sentence, the guideline range and the sentence being very high for what he was involved in. Well she had the ability, if she was concerned about that and recognized that, she could have said at that point, because I have this concern, I am going to depart down from a criminal history category 6 to a criminal history category 5 based on those two extra points. But we don't make people do departures anymore. All we have to do is say, here's the guidelines, this is how they come out, but they're too high because of all this stuff under 3553A and so I'm going to pull it down. But she actually sees his role in these offenses as a serious role. She's concerned about him and that's why she winds up where she does. And she had the ability under 3553 to address her concerns about that and I'm suggesting that I don't believe her words indicate that she understood that she had it, in essence, almost a second time because we were talking about the career offender as well. And I think that's where the confusion there comes in. The other argument is Judge Bucklow, in analyzing the 3553 factors, really all she did was look back to the three factors that were involved in arriving at the guideline calculations. The amount of drugs involved, she continued to talk about the amount of drugs, the fact that there was a gun involved, she continued to talk about that in the 3553 and then she talked about his criminal history. I suggest that relying on that over and over again without any additional explanation why those things are important above and beyond the guideline calculation is inappropriate. So how far do you take that though? The guidelines do try to capture the considerations that we want judges to be thinking about and so why is that wrong? Because she then, if you were to take those factors which calculated the guideline range and if you said, Judge, you can consider those again as aggravation, that's counting the same factors twice that you used to calculate the guideline range. But we've said you can do that actually, haven't we? But I think there has to be something more. I don't think this Court has said that you can look at one factor and say, I'm going to apply it here and I'm going to use it again here without some explanation as to why, because if the guidelines are supposed to capture what the Sentencing Commission believes, then they capture that. If the judge doesn't believe it should capture it as much or should capture it less, the judge is free to do something about that. And I don't think that's what happened here. She didn't give any reason why any of those factors deserved any further consideration. And if you don't consider those, then all you have left is the mitigation and I would suggest at that point a sentence of 6 to vacate the sentence imposed for those reasons. Okay, thank you. Mr. Loud? Good morning, Your Honor. May it please the Court, my name is Rod Flodd and I represent the appellee of the United States. Your Honor, this Court should affirm the low guideline sentence imposed by the District Court precisely because the District Court did weigh those and the assumption of reasonableness does apply to below guideline sentences, at least against an attack that they're too high. And I don't think that the record indicates that the District Court misunderstood the arguments of defense counsel. What's important to remember is that this is essentially an argument by double analogy. So he first argues by way of analogy that the Court should not consider the career offender guideline in reaching a sentence under 3553A, not because it doesn't apply, but because it overstates the defendant's criminal history and quite a bit of time at sentencing is spent on that. And then, and only if she were to adopt that argument would the next argument even become relevant, which is if you were to ignore the career offender guideline, applying the guidelines as they stand and just subtracting out the career offender guideline, his client would still be in criminal history category six. And he's saying, so I also have another argument by way of analogy to the guidelines, which is, I think that calculation is a little bit too high because of these additional criminal history points. And the judge actually interrupted counsel at that point to clarify. Mr. Carlson spoke about it and then the government, I represent the government, also spoke about it, clarified exactly what it was we were And then when we get to the portion of the argument where she pronounces the sentence, she spends the majority of her time talking about defendant's criminal history, which I think makes sense in light of the fact that was the majority of the arguments presented at sentencing. I do want to just briefly address counsel's argument that she should have said more about the offense. She discussed the key aspects of the offense. It's not surprising that the key aspects of the offense are also what's captured by the sentencing guidelines. I believe the Supreme Court in Reed has said that's exactly the point of the guidelines is to try to get the 3553A factors right in most cases. So that's what's relevant here. There is some uncertainty. I guess there are two things. He's saying, why are they doubly relevant? Sure, they're there. And we've had cases. There's nothing wrong with, let's say, getting somebody at a higher offense level because of some underlying conduct that also happens to kick them up in criminal history category. It happens all the time, actually. But saying something about it is interesting. The other thing I wanted to just ask you about, maybe this got set aside, but I thought this plea agreement had a waiver of appeal, which you've obviously waived at this point if it was there. Your Honor, if the plea agreement contained a waiver of appeal, we've obviously waived it at this point. It did, just FYI. So here we are. You have waived it. But I think the concern that it justify, that the District Court justify why these things require double, triple, or quadruple consideration is a legitimate one. And Your Honor, I think what's happening here is it's not receiving double consideration. So that would be the example of, say, arriving at a guideline range and then saying, I'm imposing a sentence substantially above that guideline range because of only the factors captured by the guideline. That's the, I think, the Bradley case that defendant cites. What we have here is essentially under 3553, the court has to independently explain why the sentence is reasonable. And the driving, as far as the offense conduct goes, the driving thing here is that it was sustained drug trafficking at a gang-controlled open-air drug market where firearms were involved and had a very substantial impact on the community where it took place. That's captured by the guidelines, but it's also independently captured by the 3553A factors. So for these reasons, this court should affirm the below-guideline sentence imposed by the District Court. And unless Your Honor has any other questions, I'll rest on the argument in the brief. Apparently not. Thank you very much. Anything further, Mr. Carlson? No, Your Honor. All right. Thank you very much. And you were appointed, were you not? Yes. We appreciate your taking on the case. Thank you very much for your efforts. And thanks to the government. We'll take the case under advisement.